IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA GARCIA, Individually and as
Parent of and on behalf of C.O., Her Minor
Child,

    Plaintiffs,

v.                                                                                                                         No. CIV 02-1101 WJ/KWR
                                                                                                                        Cons. with 02-1286;
CLOVIS MUNICIPAL SCHOOLS, a Political        02-1287; 02-1288; and
Sub-Division, LLOYD SPERRY, Individually       02-1289.
and in his official capacity, NEIL NUTTALL,
Individually and in his official capacity, MEL
MAPES, Individually and in his official capacity,
and MARILYN ODOM, Individually and in her
official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART
## AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss Portions of Counts II and Dismiss Counts III and IV [Docket No. 29].

**BACKGROUND**

Plaintiffs filed various complaints in Civil Cases Nos. 02-1101, 02-1286, 02-1287, 02-1288, and 02-1289. These cases have been consolidated into Civil No. 02-1101. Plaintiffs are parents of minor children who attended school in the Clovis Municipal Schools. Plaintiffs allege that these children were sexually abused by Defendant Sperry between October 2000 and February 2001. The motion to dismiss at issue here was filed on behalf of all Defendants with the exception of Defendant Sperry. While the Plaintiffs' complaints differ from one another with

regard to some of the specific factual allegations, the legal claims and theories on which each Plaintiff seeks recovery are identical.

The second count of each complaint seeks recovery under 42 U.S.C. § 1983 alleging various theories for recovery.  First, Plaintiffs allege that the rights of the minor children to bodily integrity under the equal protection and substantive due process clauses were violated by the Defendants because the Defendants knew of Sperry's inappropriate behavior toward students but failed to take any action to prevent further abuse thus showing a deliberate indifference to the students' constitutional rights.  Second, Plaintiffs allege that the Defendants had an affirmative duty, arising from a special relationship and the restriction on the minor children's liberty, to prevent the sexual abuse.  Third, Plaintiffs allege that the Defendants are liable for the constitutional injuries to the minor children under the "state-created danger" theory.  Fourth, Plaintiffs allege that Defendants acted with reckless disregard of the substantive and procedural due process rights of the minor children by retaliating against the children when they allegedly constructively expelled the children from school because the parents reported the abuse.  Finally, Plaintiffs allege that supervisory Defendants are liable based on their failure to train and supervise. Defendants' motion to dismiss requests dismissal only of the second and fourth theories for recovery under Section 1983.

The facts alleged in the Complaints with regard to the constructive expulsion theory include that (1) Defendants Mapes and Nuttall directed and/or permitted other school teachers to belittle, ridicule, embarrass, and verbally accost the minor children; and (2) that Defendants Mapes, Nuttall, and the Clovis Municipal School District authorized, condoned and ratified verbal

attacks on the minor children made by other school teachers in open court during the criminal sentencing of Defendant Sperry.

The third count of the Plaintiffs' complaints seeks recovery from Defendants under state tort law and alleges that the New Mexico Tort Claims Act (NMTCA) has waived immunity for Plaintiffs' claims under New Mexico Statutes Annotated 1978 § 41-1-6. Defendants seek to have this claim dismissed because the facts alleged by the Plaintiffs do not involve negligence in the operation or maintenance of a public building. The facts alleged in the Complaints with regard to this claim are that (1) the classroom in which the abuse occurred was a stand-alone portable building located approximately 100 feet from the closest entrance to the main facility; (2) the classroom was used at times when class was not in session for ill children or children on detention and that Defendant Sperry had sole supervision of the children during these times; (3) there was no type of visual, audio, or other type of monitoring system implemented in the remote classrooms as a protective measure to ensure the safety of students; (4) Sperry was permitted to construct a "farm house" within his classroom that included blankets and pillows; (4) the sexual abuse of the minor children occurred on the Zia Elementary School Campus in a building under the direct control of the Clovis Municipal Schools; (5) Defendant Sperry, left alone with a pool of victims, was an unreasonably dangerous condition and Defendants had a duty to maintain the buildings free from this condition.

The fourth count of Plaintiffs' complaints seeks recovery from individual Defendants for intentional infliction of emotional distress (IIED) and conspiracy to commit intentional infliction of emotional distress. Defendants request dismissal of this claim on the basis that the New Mexico Tort Claims Act does not waive immunity for IIED. Plaintiffs counter that these claims

are not brought against the individual Defendants for their conduct within the scope of their duties, but are alternative claims against the individual Defendants for their conduct outside the scope of their duties.

**LEGAL STANDARD**

Defendants filed their motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). However, Plaintiffs and Defendants agree that the motion should be treated as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 n.2 (10th Cir. 2002). The same standard used to evaluate a Rule 12(b)(6) motion is used to evaluate a Rule 12(c) motion. Id. When ruling on a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations of the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). All reasonable inferences raised in the pleadings are resolved in favor of the plaintiff. Dill v. City of Edmond, 155 F.3d 1193, 1201 (10th Cir. 1998). "A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." David v. City and County of Denver, 101 F.3d 1334, 1352 (10th Cir. 1996).

At the Fed. R. Civ. P. 12(b)(6) stage, qualified immunity protects defendants performing discretionary functions from individual liability unless, on the face of the complaint, the Plaintiffs allege the violation of clearly established statutory or constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Tenth Circuit has stated that the best approach in deciding the issue of qualified immunity is to first determine whether the Plaintiffs have alleged a violation of a constitutional right, and, only then,

4

determine whether the right allegedly implicated was clearly established.  See Lybrook v. Farmington Mun. Sch. Bd. of Educ., 232 F.3d 1334, 1337 (10th Cir. 2000); Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 516 (10th Cir. 1998).  In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.  Camfield v City of Oklahoma City, 248 F.3d 1214, 1228 (10th Cir. 2001).

**DISCUSSION**

I.   COUNT TWO - 42 U.S.C. 1983.

Defendants do not seek dismissal of Count II of the Plaintiffs' complaints.  Instead, they seek a determination that two of the theories of recovery under Count II are untenable based on qualified immunity and thus seek a dismissal of those theories of recovery.  Plaintiffs correctly point out that, while the individual Defendants may be entitled to qualified immunity, the school district is not.  Therefore, the Clovis Municipal School District is only entitled to dismissal of the legal theories if the Court determines that there was no constitutional violation based on those theories.

> A.   <u>Are Defendants Entitled to Dismissal of the Section 1983 Claim Insofar as that Claim is Brought on the Theory that Defendants had an Affirmative Duty Arising from a Special Relationship to Prevent the Abuse of the Minor Children ?</u>

As noted above, Plaintiffs allege that Defendants had a duty to protect the minor children and prevent the sexual abuse, and that this duty arose from a special, custodial relationship between the school and the minor children.  It is well established that there is no special relationship or custodial relationship between a school district and its students that gives rise to an affirmative duty to protect.  See DeShaney v. Winnebago County Dep't of Social Servs., 489

5

U.S. 189, 195 (1989); <u>Graham v. Indep. Sch. Dist. No. 1-89</u>, 22 F.3d 991, 994 (10th Cir. 1994); <u>Maldonado v. Josey</u>, 975 F.2d 727, 732 (10th Cir. 1992).

Plaintiffs attempt to distinguish the case at bar from <u>DeShaney</u>, <u>Graham</u>, and <u>Maldonado</u>. Plaintiffs note that these cases specifically held that there is no affirmative duty to protect a child from abuse by private third parties while this case involves abuse by a teacher who is a state actor and not a private party. Plaintiffs' argument misses the point. In cases involving teachers or other school district employees who abuse students while acting under color of state law, the duty of the school district and policymaking staff to prevent the abuse arises from the supervisory and policymaking role rather than any special relationship between the officials and the persons harmed. See <u>Stoneking v. Bradford Area Sch. Dist.</u>, 882 F.2d 720, 725 (3rd Cir. 1989). The fact that school officials have no affirmative duty arising from a special relationship to protect students or prevent harm to students does not mean that there is no such duty. It only means that the duty arises from a different source than that alleged.

Plaintiffs alleged both that Defendants acted with reckless and deliberate indifference to the rights of the minor children and that Defendants had a duty to protect arising from a special relationship. The allegation that the duty arose from a special relationship is superfluous and untenable. Even assuming Plaintiffs prove all of the factual allegations in their complaints, no duty arises from a special relationship in this case, and, to the extent the claim in Count II is based on this legal theory, it does not allege a violation of the constitution. Thus, to the extent it is based on the legal theory that Defendants had an affirmative duty arising from a special relationship, Count II will be dismissed as to all Defendants.

B.  Are Defendants Entitled to Dismissal of the Section 1983 Claim Insofar as that Claim is Brought on the Theory that Defendants Constructively Expelled the Minor Children?

Count II of Plaintiffs' complaints allege that Defendants retaliated against the minor children by constructively expelling them from their school, and that the retaliation was a substantive and procedural due process violation of the children's rights to be free from punishment for the conduct of another. The Fifth Circuit has found that the right to be free from punishment absent personal guilt is actionable under Section 1983 only when that punishment deprives a plaintiff of a constitutionally protected right. Shinn v. College Station Indep. Sch. Dist., 96 F.3d 783, 786 (5th Cir. 1996). The minor children have a protected property interest in receiving a public education, and they may not be deprived of this interest without due process. Goss v. Lopez, 419 U.S. 565, 573 (1975); Seamons v. Snow, 84 F.3d 1226, 1234 (10th Cir. 1996); Bivens v. Albuquerque Public Schools, 899 F.Supp. 556, 561-62 (D.N.M. 1995). Thus, if the minor children were punished by being deprived of a public education without due process, the punishment would be actionable under Section 1983. See Burris v. Willis Indep. Sch. Dist., Inc., 713 F.2d 1087, 1093 n. 3 (5th Cir. 1983).

The issue whether a student may be deprived of a public education through "constructive expulsion" has been addressed by the Tenth Circuit although the term "constructive expulsion" was never used. In Seamons v. Snow, a student alleged that he transferred to another school after being subjected to a hostile environment in his school and after the principal of the school suggested he leave the school. 84 F.3d 1226, 1230. The Tenth Circuit stated that the guarantee of due process is applied to deliberate decisions of government officials to deprive a person of a property interest, and that there must be an element of deliberateness in directing misconduct

7

toward a plaintiff before the due process clause is implicated. Id. at 1234. The court ultimately found that the plaintiff had not sufficiently alleged deliberate action on the part of school officials to remove him from the school, and that plaintiff had voluntarily transferred to another school. Id.

The Fourth Circuit, in an unpublished decision, had the issue and terminology of "constructive discharge" squarely before it, but declined to address it. See Stevenson v. Martin County Bd. of Educ., 2001 WL 98358, No. 99-2685 (4th Cir. Feb. 6, 2001) (unpublished decision). The Fourth Circuit did note, however, that the theory is inspired by constructive discharge cases arising in the employment law context, and that the plaintiff in such cases must allege and prove that the employer deliberately made employment conditions intolerable thus forcing the employee to quit. Id. The Fourth Circuit went on to surmise that a claim for "constructive expulsion" would require allegations that school officials deliberately made the learning environment so intolerable that a student was forced to leave the school. Id.

Because the theory of "constructive expulsion" is so clearly tied to employment law constructive discharge cases, it is instructive to look at Tenth Circuit case law with regard to constructive discharge. The Tenth Circuit has found that an employee who resigns of her own free will, even if as a result of an employer's actions, will not be held to have been constructively discharged. Jeffries v. State of Kansas, 147 F.3d 1220, 1233 (10th Cir. 1998); Parker v. Bd. of Regents of Tulsa Junior College, 981 F.2d 1159 (10th Cir. 1992). A plaintiff must essentially show that she had no other choice but to quit and that a reasonable person in the same position would have found conditions intolerable. Sanchez v. Denver Public Schools, 164 F.3d 527, 532 (10th Cir. 1998). A final Tenth Circuit opinion that sheds light on the issue here is Abeyta v.

8

Chama Valley Indep. Sch. Dist. No. 19, in which a plaintiff brought a Section 1983 claim alleging that her substantive due process rights had been violated by a teacher who sexually harassed her and thus created a hostile environment. 77 F.3d 1253 (10th Cir. 1996). The court stated that "[m]ore is required to state a claim for a constitutional violation . . . than for a statutory claim under Title VII." Id. at 1256.

Based on Seamons and Tenth Circuit cases on constructive discharge, a plaintiff does not allege a constitutional violation for "constructive expulsion" by alleging facts such as those alleged in this case. If there is a cause of action under Section 1983 for constructive expulsion, a plaintiff would have to allege that school officials deliberately created an intolerable environment in order to force a student to leave and that the conditions within the school were so objectively intolerable that the student had no choice but to leave. Plaintiffs' complaints in this case do not alleged sufficient facts to support such a theory in this case.

Because there is no constitutional violation alleged, all Defendants are entitled to dismissal of Count II of Plaintiffs' Complaints to the extent these claims rely on the theory of constructive expulsion for recovery. Even if this Court was to find that the complaints sufficiently alleged constitutional violations, the individual Defendants would be entitled to qualified immunity on this theory. There is no Supreme Court, Tenth Circuit, or weight of authority from other circuits permitting a claim under Section 1983 based on a theory of constructive expulsion. Thus, there was no clearly established law on the issue at the time of the alleged events in this case.

II.     COUNT THREE - NEW MEXICO TORT CLAIMS ACT

Plaintiffs bring claims under the NMTCA, N.M. Stat. Ann. 1978 § 41-4-6 which waives immunity for liability resulting from bodily injury caused by the negligence of public employees

while acting within the scope of their duties in the operation or maintenance of a public building. Plaintiffs allege that their damages resulted from injury caused by the negligence of Defendants acting within the scope of their duties in the operation or maintenance of the public school premises. New Mexico courts have interpreted Section 41-4-6 of the NMTCA to impose a duty on public employees to exercise reasonable care in maintaining premises owned and operated by governmental entities. Espinosa v. Town of Taos, 905 P.2d 718, 721 (N.M. 1995). Liability under the NMTCA is based on traditional tort concepts. N.M. Stat. Ann. 1978 § 41-4-2(B); Bober v. New Mexico State Fair, 808 P.2d 614, 622 (N.M. 1991). The liability permitted by Section 41-4-6 is based on traditional concepts of premises liability and contemplates a waiver of immunity when the negligent operation or maintenance of public property leads to an unsafe condition on the property. Bober, 808 P.2d at 623. Section 41-4-6 does not waive immunity for negligent supervision. Espinoza, 905 P.2d at 721 (citing Pemberton v. Cordova, 734 P.2d 254 (N.M. App. 1987)). However, immunity is waived when negligent security practices result in unsafe conditions. Espinoza, 905 P.2d at 722; Cf. Baca v. State of New Mexico, 911 P.2d 1199 (N.M. App. 1996).

     Defendants urge that the facts alleged by Plaintiffs do not constitute conduct for which immunity is waived under the NMTCA. Defendants are correct with regard to Plaintiffs' allegation that Defendant Sperry was himself an unreasonably dangerous condition of the premises. No New Mexico case has gone so far as to broaden the definition of a dangerous condition to include a particular individual. Similarly, with regard to the allegation that the sexual abuse occurred on school premises, no New Mexico case has expanded the waiver of immunity under Section 41-4-6 to include all torts committed on premises owned or operated by a

10

governmental entity. Thus, to the extent Plaintiffs' state tort claim in Count IV is based on Sperry being an unreasonably dangerous condition or the mere fact that the sexual abuse occurred on school premises, the NMTCA has not waived immunity for the claim and Defendants are entitled to have it dismissed.

Plaintiffs' allegations with regard to the remoteness of the portable classrooms similarly will not support a claim for which there is any waiver of immunity under the NMTCA. The location of the portable buildings in relation to the main building is a matter of design, and the NMTCA has been interpreted as not waiving immunity for negligent design. Espinoza, 905 P.2d at 721 (citing Rivera v. King, 765 P.2d 1187, 1194 (N.M. App. 1988)). Thus, to the extent Count III of Plaintiffs' complaints relies on the remoteness of the classroom, Defendants are entitled to dismissal of the claim, and Plaintiffs are not entitled to offer evidence to support the claim.

With regard to Plaintiffs' allegations that the classroom was used at times when class was not in session, that there was no type of monitoring system in place to ensure the safety of children, and that a "farmhouse" was constructed in a classroom, this Court cannot find, based on the pleadings alone, that immunity is not waived under Section 41-4-6. These allegations, if proved, could be found by a reasonable jury to show negligence in the operation and maintenance of the school premises. Thus, to the extent Count III in Plaintiffs' complaints is based on these allegations, Defendants are not entitled to a dismissal of the claim.

III.     COUNT FOUR - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The NMTCA grants immunity from tort liability to public employees acting within the scope of their duties. N.M. Stat. Ann. 1978 § 41-4-4(A). Defendants correctly point out that

11

there is no waiver of immunity under the NMTCA for a claim for intentional infliction of emotional distress. Plaintiffs counter that this claim is not brought under the NMTCA but is brought as an alternative state claim against the individual defendants for any acts determined to be outside the scope of their duties. Plaintiffs' complaints bring actions against the individual defendants individually as well as in their official capacities. Plaintiffs are entitled to plead in the alternative. Therefore, Defendants are not entitled to dismissal of the claim in Counts IV.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Portions of Counts II and Dismiss Counts III and IV [Docket No. 29] is hereby GRANTED IN PART in that:

1. Count II in each of Plaintiffs' Complaints is DISMISSED IN PART to the extent it is based on a theory that Defendants had an affirmative duty to protect the minor children arising from a special relationship and to the extent it is based on any allegation of constructive expulsion; and

2. Count III in each of Plaintiffs' Complaints is DISMISSED IN PART to the extent it is based on allegations that Defendant Sperry was himself an unreasonably dangerous condition of the premises and to the extent it is based on allegations regarding the remoteness of the portable classrooms in relation to the main school building.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Portions of Counts II and Dismiss Counts III and IV [Docket No. 29] is hereby DENIED IN PART:

1. With regard to Count III in each of Plaintiffs' Complaints to the extent it relies on the allegations that the classroom was used at times when class was not in session, that

12

there was no type of monitoring system in place to ensure the safety of children, and that a "farmhouse" was constructed in a classroom; and

        2.        With regard to Count IV in each of Plaintiffs' Complaints.

                                                _____
                                                UNITED STATES DISTRICT JUDGE